## UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF MICHIGAN

WENDY B. ADELSON as the
Personal Representative for
THE ESTATE OF MILTON H. ADELSON
(deceased),

    *Plaintiff,*

v.

Case No.
Hon.

DEPUTY JOHN/JANE DOE #1 ;
DEPUTY JOHN/JANE DOE #2;
DEPUTY JOHN/JANE DOE #3;
DEPUTY JOHN/JANE DOE #5;
DEPUTY JOHN/JANE DOE #6;
DEPUTY JOHN/JANE DOE #7;
DEPUTY JOHN/JANE DOE #8;
DEPUTY JOHN/JANE DOE #9;
DEPUTY JOHN/JANE DOE #11;
DEPUTY JOHN/JANE DOE #12; and
OAKLAND COUNTY.

    *Defendants*.

Vernon Johnson (P39219)
Ayanna D. Hatchett (P70055)
Johnson Law PLC
Attorneys for Plaintiff
535 Griswold Street, Suite 2600
Detroit, MI 48226
(313) 324.8300
vjohnson@venjohnsonlaw.com
ahatchett@venjohnsonlaw.com

## **COMPLAINT & DEMAND FOR JURY TRIAL**
*There are no other pending or resolved civil
actions arising out of the same transaction
or occurrence as alleged in this Complaint.*

NOW COMES Plaintiff, Wendy Adelson as the Personal Representative for The Estate of Milton H. Adelson (deceased), by and through counsel, complaining of Defendants, and alleges as follows:

## JURISDICTION, VENUE, & PARTIES

1. This action arises under the United States Constitution and the laws of the United States, and 42 U.S.C. §§ 1983 and 1988, and under the statutes and common law of the State of Michigan.

2. This court has original jurisdiction over the claims raised in this action under 28 U.S.C. §§ 1331, 1342(a)(3), 1343(a)(4) and 42 U.S.C. §§ 1983 and 1988.

3. Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(2) and 1391 (c)(2) because the defendants reside and/or serve within the bounds of the Eastern District of Michigan and the acts or omissions alleged in this Complaint occurred in Oakland County, Michigan.

4. The decedent, Milton H. Adelson ("Milton"), was at all pertinent times a resident of Orion Township, in the State of Michigan.

5. Plaintiff here is Wendy Adelson who was appointed to serve as the personal representative of Milton's estate.

6. Plaintiff proceeds here in accordance with Michigan's Wrongful Death Act. MCL 600.2921, *et seq*.

7. Defendant Deputies John/Jane Doe #1 through #12 at all times relevant, were employed by Oakland County in the Oakland County Sheriff's office and were acting under the color of state law. Defendant Deputies are being sued in their individual capacities and were at all times acting according to the accepted policies and customs of Oakland County.

8. Defendant Deputies are being sued in their individual capacities, and for Monell purposes only, in their official capacities.

9. Defendant, Oakland County is a political subdivision of the State of Michigan and enacted the complained of policies followed by the individual defendants as outlined herein.

10. At all pertinent times, Oakland County had an obligation to enact and enforce lawful and constitutional policies, procedures, protocols, and customs for all employees, agents, and contractors, to follow, particularly those who are considered to be law enforcement, such as the individually named defendants. Further, Oakland County had the affirmative duty to train and supervise all employees, agents, and contractors, including the individually named defendants, specifically to ensure that people such as Plaintiffs do not have their rights violated by people such as the individually named defendants.

11. All material facts giving rise to this litigation took place in the County of Oakland, State of Michigan.

12. The amount in controversy exceeds $75,000.00 exclusive of costs, interest, and attorney fees.

## FACTUAL BACKGROUND

13. Plaintiff reasserts and incorporates here each of the allegations stated above.

14. On August 3, 2022, Milton was in a three-car accident on or around 1:00 p.m. in Auburn Hills, Michigan.

15. Milton was found at fault for the accident and was arrested for driving while under the influence of alcohol and was initially transported to Auburn Hills Police Department for processing.

16. From Auburn Hills Police Department he was taken to McLaren Hospital and cleared for incarceration at Oakland County Jail.

17. Upon arrival at the jail, he was booked and placed in a cell.

18. From the moment of his arrest forward, Milton was consistently cooperative and respectful to the officers.

19. Approximately 40 minutes later another inmate was placed in the same cell with Milton.

20. As the doors closed behind the new cellmate, Milton casually toyed with the electronic cell door. There were two attending deputies standing right in front of the cell door.

21. One of the attending deputies manually guided the cell door closed. Milton returned to sitting on the bench in the cell.

22. The same attending deputy then announced that Milton was attempting to escape.

23. Suddenly approximately twelve deputies, identified here as Defendant Deputies, John/Jane Doe 1 through 12, rushed in after Milton.

24. The deputies yanked Milton up from the bench, swung him into the cell door, threw him to the cement floor of the cell, and proceeded to kick and punch him repeatedly.

25. Milton never resisted or posed a threat to any deputy.

26. Still the Defendant Deputies dragged Milton out of the cell by his neck and dragged him through the corridors of the jail in a headlock to a detox cell with a window.

27. There Defendant Deputies continued to beat Milton while also stripping off his clothes.

28. Milton was left battered, bruised, and naked in the detox cell for hours until he was released.

29. It was 11:00 p.m. when he was released without his cell phone, or the $577.00 Milton had in cash when he was booked.

30. Milton's boots were returned to him without his shoelaces and the belt for his pants was missing.

31. Yet Milton wasn't allowed to even call someone to pick him up before he was released into a rainstorm.

32. In the middle of the night, Milton was forced to walk home 10 miles in the pouring rain while trying to keep his shoes on and his pants up.

33. The Defendant Deputies marched Milton to the detox cell for no other reason to hurt and humiliate him.

34. There was absolutely no need for roughly 12 deputies to forcefully usher Milton to be stripped naked and beaten, but they made the scene anyway.

35. There is a custom in the Oakland County jail to humiliate and/or beat anyone who does anything that any deputy perceives as resisting a deputy's authority.

36. Though there is no evidence of Milton making an attempt from a jail cell with two attending deputies standing just outside of the cell door.

37. Nonetheless, the 12 Defendant Deputies decided to punish Milton by humiliating him. They beat him, paraded him through the halls of the jail, stripped his clothes off, and left him to wait there for hours naked before he was released into the rainstorm.

38. From the time the Defendant Deputies rushed into the cell and attacked him, to the time he was left beaten and naked on the floor of the detox cell, it was abundantly clear that Milton did not pose any sort of security threat to the jail or the deputies.

39. At the time of his DWIL arrest on August 3, 2022, Milton was 59-years old with no history of police contact.

40. The attack by the Defendant Deputies left Milton traumatized and suffering from severe anxiety and depression.

41. Three days after he was released from Oakland County Jail, Milton sought treatment for his anxiety and foggy brain, to no avail.

42. Milton had a 30 year career as a machinist. At the time of his arrest in August of 2022, he was employed by Form Fam, LLC as a machinist for seven years.

43. But after being beaten and humiliated by the Defendant Deputies, Milton was crippled by his anxiety and depression and fired from his job for failing to come to work.

44. Upon his release form jail, Milton faced the criminal charge for DWIL. The thought of having to appear for his court dates triggered severe anxiety since he related the courthouse to scene where he was attacked by the Defendant Deputies.

45. Four days before his court date, Milton hung himself on February 4, 2023.

46. Milton was mentally and physically destroyed by Defendants.

## COUNT I:
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
### Fourth & Fourteenth Amendment
### Excessive Force
### *(Against All Defendants)*

47. Plaintiff reasserts and incorporates here each of the allegations stated above.

48. At all times relevant, Plaintiff had a clearly established legal right, pursuant to the Fourth and Fourteenth Amendments of the United States Constitution, to be free from excessive force, including the right to not be thrown down and beaten by up to 12 deputies.

49. At all times relevant, as law enforcement officers acting under color of law, Defendant deputies were required to obey the laws of the United States.

50. Defendant deputies intentionally, knowingly, maliciously, recklessly, unreasonably, deliberately, wantonly, sadistically, purposely, purposefully, and/or grossly negligently falsely arrested and beat Plaintiff without lawful basis.

51. As an alternative to active involvement in such action, each defendant observed at least one other defendant engaging in the herein described unlawful activity, had an ability and opportunity to intervene and chose not to do so.

52. The aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth

Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

53. As a proximate result of the illegal and unconstitutional acts of the Defendants, Plaintiff was harmed and suffered damages.

## COUNT II:
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
### Fourth & Fourteenth Amendment
*Causing Pain and Humiliation*)
*(Against All Defendants)*

54. Plaintiff reasserts and incorporates here each of the allegations stated above.

55. Defendants had no lawful basis to force Milton to strip naked in front of 12 deputies nor did they have any basis to force Milton to wait naked and in pain from being beaten for hours in an open cell.

56. At all times relevant, as law enforcement officers acting under color of law, Defendant Deputies were required to obey the laws of the United States.

57. Defendant Deputies intentionally, knowingly, maliciously, recklessly, unreasonably, deliberately, wantonly, sadistically, purposely, purposefully, and/or grossly negligently humiliated Milton and pained him, as described herein.

58. As an alternative to active involvement in such action, each defendant observed at least one other defendant engaging in the herein described unlawful activity, had an opportunity and ability to intervene and chose not to do so.

59. The aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

60. As a proximate result of the illegal and unconstitutional acts of the Defendants, Plaintiff was harmed and suffered damages.

## COUNT III:
## STATE LAW ACTION
### Assault and Battery
*(Against All Defendants)*

61. Plaintiff reasserts and incorporates here each of the allegations stated above.

62. Defendants threw Milton to the floor at least twice and beat him. In so doing, they committed an intentional, unlawful threat to do bodily injury to Milton by force, under circumstances which created a well-founded fear of imminent peril, since the defendants clearly had the ability to continue beating Milton mercilessly.

63. Further, in so doing, defendants committed a willful or intentional touching of Milton against his will.

64. As a proximate result of the illegal acts of the Defendants, Plaintiff was harmed and suffered damages.

## COUNT IV:
## STATE LAW ACTION
### Intentional Infliction of Emotional Distress
*(Against All Defendants)*

65. Plaintiff reasserts and incorporates here each of the allegations stated above.

66. Defendants' herein described conduct, including humiliating and causing pain to Milton, and beating him, was extreme and outrageous.

67. Further, defendants' actions were intentional or reckless, as described herein.

68. Because of defendants' herein described actions and inactions, Plaintiff has suffered severe emotional distress as the result of defendants' actions.

69. The defendants' conduct caused Plaintiff to suffer damages.

## COUNT V:
## MUNICIPAL LIABILITY AGAINST OAKLAND COUNTY

70. Plaintiff reasserts and incorporates here each of the allegations stated above.

71. A municipality is liable under 42 U.S.C. § 1983 if the alleged violations are attributable to its own policies, practices, and customs.

72. Lack of training or discipline can constitute a policy for *Monell* purposes.

73. At all times relevant to this Complaint, Oakland County acted with deliberate indifference to Plaintiff's Constitutional rights by maintaining policies, practices, and customs that condoned and fostered Defendant Deputies' conduct.

74. Specifically, Oakland County has had a longtime unwritten policy that it allows deputies to beat and injure inmates at the Oakland County jail, and the deputies never are disciplined. Thus, the message is sent to them loudly and clearly from the County that such actions are allowed.

75. In the alternative, at all pertinent times, Oakland County did not in fact have such an explicit policy but failed to properly train and supervise its deputies on the proper standard and procedure for effectuating a criminal investigation and arrest, thereby demonstrating deliberate indifference to Plaintiff's rights.

76. At all times relevant to this complaint, direct and proximate cause of the damages and injuries complained of were caused by policies, practices and /or customs developed, implemented, enforced, encouraged, and sanctioned by Oakland County, including the failure:

   a. To adequately supervise and train its deputies and agents, including the individual Defendants, on the proper standard to arrest individuals, the proper use of force, the proper preservation of evidence, and the proper charges to seek in any given case, thereby failing to adequately discourage further Constitutional violations by its deputies; and

    b. To properly and adequately monitor and discipline its deputies, including individual Defendants.

77. Oakland County's failure to adequately supervise and train its deputies caused Defendant Deputies to violate Plaintiff's Constitutional rights, as described herein.

78. Defendant Oakland County has long acted with deliberate indifference to the constitutional rights of Plaintiff and many others. As a direct and proximate result of the acts as stated herein by each of the Defendants, Plaintiff's constitutional rights have been violated.

79. As a proximate result of Defendants illegal and unconstitutional acts, Plaintiff suffered damages.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant:

    a. Full and fair compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Reasonable attorney's fees and costs of this action;

    d. Pursuant to MCL 600.2922, award Milton Adelson's estate fair and equitable damages, including, but not limited to, reasonable medical, hospital, funeral, and burial expenses for which the estate is liable; reasonable compensation for Milton's pain and suffering, while conscious, during the intervening period between the time of his injuries

and his death; loss of Milton's financial support; loss of services; loss of gifts or other valuable gratuities society; and companionship; as well as any other damages cognizable under law; and

e. Any other relief that is fair and just.

Respectfully submitted,

**JOHNSON LAW, PLC.**

by:  /s/ *Ven R. Johnson*
Ven R. Johnson (P39219)
Attorneys for Plaintiff
The Buhl Building
535 Griswold, Suite 2600
Detroit, MI 48226
(313) 324.8300
vjohnson@venjohnsonlaw.com

Dated: May 31, 2023

**JURY DEMAND**

Plaintiffs herby demand a trial by jury of all issues so triable, pursuant to Fed. R. Civ. Pr. 38(b).

                Respectfully submitted,

                **JOHNSON LAW, PLC.**

by:   */s/ Ven R. Johnson*
      Ven R. Johnson (P39219)
      Attorneys for Plaintiff
      The Buhl Building
      535 Griswold, Suite 2600
      Detroit, MI 48226
      (313) 324.8300
      vjohnson@venjohnsonlaw.com

Dated: May 31, 2023