UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

WENDY B. ADELSON as the
Personal Representative for
THE ESTATE OF MILTON H. ADELSON
(deceased),

       Plaintiff,

vs

DEPUTY JOHN/JANE DOE #1 ;
DEPUTY JOHN/JANE DOE #2;
DEPUTY JOHN/JANE DOE #3;
DEPUTY JOHN/JANE DOE #5;
DEPUTY JOHN/JANE DOE #6;
DEPUTY JOHN/JANE DOE #7;
DEPUTY JOHN/JANE DOE #8;
DEPUTY JOHN/JANE DOE #9;
DEPUTY JOHN/JANE DOE #11;
DEPUTY JOHN/JANE DOE #12; and
OAKLAND COUNTY,

       Defendants.

Case No. 2:23-cv-11291-LJM-KGA
District Judge Jonathan J.C. Grey
Magistrate Judge Kimberly G. Altman

| | |
|---|---|
| JOHNSON LAW, PLC<br>VERNON JOHNSON (P39219)<br>MICHAEL E. FREIFELD (P48198)<br>THOMAS W. WUAN (P3224)<br>Attorneys for Plaintiff<br>535 Griswold Street, Suite 2600<br>Detroit, MI 48226<br>(313) 324-8300 / Fax: (313) 324-8301<br>vjohnson@venjohnsonlaw.com<br>mfreifeld@venjohnsonlaw.com<br>twaun@venjohnsonlaw.com | POTTER, DeAGOSTINO & CLARK<br>STEVEN M. POTTER (P33344)<br>ROBERT C. CLARK (P76359)<br>TREVOR S. POTTER (P84253)<br>LAYLA R. SIZEMORE (P85502)<br>Attorneys for Defendants<br>2701 Cambridge Court, Suite 223<br>Auburn Hills, MI 48326<br>(248) 377-1700 / Fax (248) 377-0051<br>spotter@potterlaw.com<br>rclark@potterlaw.com<br>tpotter@potterlaw.com<br>lsizemore@potterlaw.com |

# **STIPULATED PROTECTIVE ORDER**

**THIS MATTER** having come before this Honorable Court upon stipulation of the parties, through their respective counsel, and the Court being otherwise fully advised in the premises:

**IT IS HEREBY ORDERED** that:

1. "Confidential Material" means any personnel or training records of any Defendant or Oakland County employee, any Citizens Complaints made against any Defendant or Oakland County employee, and any Oakland County Sheriff's Office Policies and Procedures. These materials shall be stamped "**Confidential**".

2. "Designating Party" means Oakland County Defendants. "Receiving Parties" means the Plaintiff.

3. Access, use, and review of the Confidential Material by the Receiving Parties is limited to the Receiving Parties' attorneys and their law firms; the Receiving Parties' retained experts and consultants who may testify as witnesses in the trial of this matter; and the court reporters, mediators, and court staff in this case. The Receiving Parties may only use Confidential Material in connection with the preparation for trial and/or appeal of this action, in connection with the litigation of this action, and in connection with the trial and/or appeal of this action, and shall not use, disclose, publicize, refer to, or communicate Confidential Material in any other way.

**4.** Before disclosing Confidential Material to any person not a party to this Order, Counsel for the Receiving Parties shall provide each such person with a copy of this Order. Each such person shall agree to the terms of this Order, agree to subject themselves to the jurisdiction of this Court before receiving Confidential Material, and will sign and date a copy of this Order stating that they have read this Order and will abide by its terms.

**5.** Counsel for the Receiving Party, and any person not a party to this action who received Confidential Material, will destroy all copies of Confidential Material at the close of all appeals of this action. Counsel for the Receiving Party, and any person not a party to this action who received Confidential Material, will represent in writing to the Designating Party's counsel that they have destroyed all Confidential Material. Counsel for the Receiving Party shall not be held liable for the violation of this order by a person who is not a party to this action.

**6.** Filing Under Seal. This Order does not authorize the filing of any documents or other matter under seal. Documents or other matter may be sealed only if authorized by statute, rule, or order of the Court. A party seeking to file such items under seal shall file and serve a motion or submit a proposed stipulated order that sets forth; (a) the authority for sealing; (b) an identification and description of each item proposed for sealing; (c) the reason that sealing each item is necessary; (d) the reason that a

means other than sealing is not available or unsatisfactory to preserve the interest advanced by the movant in support of sealing; and (e) a memorandum of legal authority supporting sealing. See E.D. Mich. LR 5.3; *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan,* 825 F.3d 299 (6th Cir. 2016). No party shall file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion or entered the proposed stipulated order required by this section. If a motion to seal is granted or a proposed stipulated order is entered, the documents to be filed under seal shall be filed electronically with an appropriate designation that the documents are to be held under seal.

**7.** Notice to Designating Party. Any party, other than the Designating Party, that anticipates filing any material that has been designated as Confidential Material must provide reasonable notice to the Designating Party of the proposed filing, so that the Designating Party will have ample time, if it so desires, to file a motion for leave to file the material in question under seal. The parties then shall meet and confer in connection with any anticipated motion for an order authorizing the filing of Confidential Material under seal, in a good faith attempt to reach an agreement regarding whether the Confidential Material should be filed under seal. See E.D. Mich. LR 7.1(a). If an agreement is reached, then the parties may file a joint motion for leave to file under seal or submit a proposed stipulated order, in conformance

with Local Rule 5.3. If the motion is denied, the party may file the material, but not under seal.

**8.** This protective Order shall not constitute a waiver of the right of the parties to raise or assert any defense or objection including, but not limited to: objections regarding the use, relevance, and admissibility of any Confidential Material.

    **SO ORDERED.**

                                          <u>s/Jonathan J.C. Grey</u>
                                          HONORABLE JONATHAN J.C. GREY
Dated: December 19, 2023       UNITED STATES DISTRICT JUDGE

I hereby stipulate to entry of the above Order.

<u>/s/MICHAEL E. FREIFELD (w/consent)</u>
MICHAEL E. FREIFELD (P48198)
Attorneys for Plaintiff

<u>/s/ TREVOR S. POTTER</u>
TREVOR S. POTTER (P84253)
Attorney for Defendants

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 19, 2023.

      <u>s/ **S. Osorio**</u>
      Sandra Osorio
      Case Manager